No. 39,784

FRANCES McGUIRE, *Appellee,* v. DALE DANIELSON and FRIEDA DANIELSON, *Appellants.*

(283 P. 2d 254)

Opinion filed May 7, 1955.

*George W. Holland,* of Russell, argued the cause, and *Marvin E. Thompson, Alan Kent Shearer, Glenn V. Banker* and *John C. Woelk, Jr.,* all of Russell, were with him on the briefs for the appellants.

*Evart Mills,* of McPherson, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an action by a tenant against her landlords to recover for personal injuries sustained by her while operating a sidewalk elevator on the leased premises.

Defendants filed a motion to strike certain allegations of the peti-tion or, in the alternative, to require that they be made more definite and certain in specified particulars. This motion was overruled in its entirety.

Defendants then filed a demurrer on the grounds the petition fails to state facts sufficient to constitute a cause of action and that several causes of action are improperly joined. This demurrer was overruled.

Later, and after the bar of the two-year statute of limitations had fallen, plaintiff, by leave of court and over the objection of defend-ants, filed an amended petition.

Defendants have appealed from each of the three adverse rulings. However, it is conceded the only question before this court con-cerns the correctness of the ruling covering the first ground of the demurrer—in other words, the question is whether the allegations of the original petition are sufficient to state a cause of action.

Briefly summarized, the allegations of the petition are as follow:

On or about March 27, 1951, plaintiff orally leased from defend-ants a portion of a business building owned by them in the city of Russell for the purpose of operating a business known as the Russell News Stand. The portion of the building so leased had a frontage of approximately twelve feet on the ground floor facing a business street, and an approximate depth of nineteen feet. It included a basement room of about the same dimensions directly underneath. The basement room was connected by a narrow stairway to the ground-floor room at the rear. The leased premises also included a small room under the public sidewalk in front of the building and in which was located refrigeration equipment installed and owned by defendants. Plaintiff kept ice cream in this basement room under the sidewalk until such time as she would have occasion to bring it up to her stand for sale.

Also included in the lease was the right to use a small elevator which rose from the basement room under the sidewalk to the side-walk. From the room where it was located there was access to other rooms and business establishments located in the same building. Shortly after entering into the lease defendants took plaintiff to the basement elevator room and showed her how to operate it. It con-sisted of a flat metal platform of approximately three and one-half feet by four feet. There were two large steel doors on the sidewalk covering the elevator well. These doors were equipped with hinges,

and the contraption was so constructed that the doors would push open when the elevator would come up against them. The only useable control for the operation of the elevator, which was powered by an electric motor, was a lever on a stationary post located in the basement. It was so constructed that when the lever was moved into the raised position the elevator would rise to the street level and then automatically stop. During the summer of 1951 plaintiff obtained ice cream from suppliers, lowered it to the basement on the elevator and stored it in the refrigeration equipment until such time as she would bring it back up to her stand for sale.

Among the obligations assumed by defendants under the terms of the lease was the duty to furnish a screen door for the retail entrance to the leased premises, and to remove it in the fall and replace it in the spring. In the spring of 1952, and at the commencement of the "fly and insect season" defendants failed to install the screen door in question, whereupon plaintiff attempted to proceed to do so herself. She went to the basement, got the screen door and attempted to bring it up to the ground floor by way of the elevator. While in the process of doing so she observed that it was going to strike the sidewalk door with the result that the screen door would be damaged. While reaching out with her hands to push the sidewalk door open her foot slipped off the edge of the elevator platform and her ankle became wedged and caught between a steel and concrete projection which extended downward from the edge of the opening in the sidewalk. The elevator continued to move upward and shortly thereafter stalled and stopped, with the result that she was pinned in such position for approximately fifteen minutes until the motor could be started and the elevator lowered so as to release her leg.

It is alleged that defendants were negligent in the following particulars: (1) They failed and neglected to install any device upon the elevator whereby it could be stopped in an emergency; (2) they failed and neglected to install and maintain an adequate control for the elevator so that it could be operated and controlled other than from the post in the basement room; (3) they maintained the elevator with a smooth steel floor which they knew, or, in the exercise of ordinary diligence, would have known, would be slippery, difficult to stand upon; and that any person riding on it might slip over the edge, and that, in the exercise of ordinary care and diligence they would have covered the elevator floor with a

rubber matting or similar covering, or taken other precautions so as to prevent persons on the elevator from accidentally slipping while standing or moving about on it; (4) they maintained the elevator without erecting any railing or other protective devices around the edge thereof when they knew, or, in the exercise of ordinary diligence, would have known, that such a guard rail or other protective device was necessary in order properly to protect the lives and limbs of those using the same.

The petition further alleges that plaintiff, at all times material, used the care, caution and prudence of an ordinarily careful woman; that when the screen door which she was transporting struck the metal sidewalk door she observed the screen door was in imminent danger of loss or damage; that she was faced with an emergency, and that she acted with due care under the circumstances in her efforts to protect it from damage.

Then follow allegations concerning the extent of her injuries and expenses in connection therewith, but which, for our purposes, need not be detailed.

As previously stated, the question is whether the allegations of this petition are sufficient to constitute a cause of action.

In their effort to overthrow the decision of the lower court overruling the demurrer to the petition, defendants, among other things, contend that no breach of duty to plaintiff is pleaded; that under the circumstances she was bound to see and appreciate her position; that she assumed the risk, and was guilty of contributory negligence in not bringing the screen door up by means of the stairway provided. It is further contended that under the rules applicable to freight and passenger elevators plaintiff assumed the usual hazards of the elevator in question and is barred from recovering.

The trouble with these arguments, however, lies in the fact they are essentially matters of *defense*, whereas here we are dealing with allegations of a petition which, for purposes of the demurrer, are to be taken as true. This is essentially a fact case. The facts have not yet been developed. For that reason we think any discussion of the authorities and rules relied upon by the parties would be entirely improper at this time and would, as a practical matter, tend to adjudicate the rights of the parties in advance of trial. We have no way of knowing what the proof may establish. Whether plaintiff can prove the allegations of her petition, or defendants establish defenses thereto, are matters with which we are not presently con-

cerned. We have not overlooked or ignored any of the contentions advanced by defendants and the authorities cited in support thereof, but from a careful consideration of the petition are convinced its allegations are sufficient to withstand the demurrer.

The ruling of the lower court is therefore affirmed.