No. 40,612

WALTER HENDERSON, *Appellee*, v. KANSAS POWER AND LIGHT
COMPANY, a Corporation, *Appellant*.

(313 P. 2d 257)

Opinion filed July 3, 1957.

*Robert E. Russell*, of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove, Willard N. Van Slyck, Jr.*, and *William B. McElhenny*, all of Topeka, were with him on the briefs for the appellant.

*Elwaine F. Pomeroy*, of Topeka, argued the cause, and *Wendell L. Garlinghouse, Warren W. Shaw, William Hergenreter*, and *Carl W. Quarnstrom*, all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover for personal injuries sustained by plaintiff (appellee), who was severely and permanently injured when electricity from defendant's (appellant's) high voltage line jumped or arced into the mast portion of a television antenna. Defendant appeals from an order of the trial court overruling its demurrer to the petition.

The petition, omitting the formal parts, alleged that plaintiff was a part-time employee of one Mr. Starling in the installation of television receivers and antennas. The property upon which the accident in question occurred is known as 609 Lake Street in Topeka, and the residence thereon faces east and is bordered on the south by an alley. At a time prior to September 25, 1954, defendant had erected poles and strung high voltage, non-insulated wires and facilities along the north border of this alley in such a manner that the cross arms and the wiring (the power line of four wires had been joined to the cross arms by insulators) extended over, above, across and completely along the south side of the dwelling. On the day of the accident these wires were carrying a current of 33,000 volts, which amount was alleged by plaintiff

to be extremely dangerous and necessitated the exercise of the utmost care and caution to avoid the injury or destruction of human life. Plaintiff also alleged the wires had been negligently strung, inasmuch as they were not high enough above the top of the residence to avoid contact with a radio aerial or television antenna and inasmuch as they were not insulated. He further alleged negligence in that no warning signs had been posted nor had any warning been given him or the other parties involved of the high voltage of the wiring and the possible danger in proximity thereto; in that no easement, grant, license or permit had ever been obtained by defendant from W. A. Voight, owner for fifty years of the property, from the tenant, or from their predecessors for the erection and operation of such power line which encroached over, across and upon the mentioned dwelling, nor had any written or oral contract been entered into between the parties for that purpose.

On September 25, 1954, plaintiff and his employer, Herschel Starling, with the help of Joe Redman, tenant of the house at 609 Lake Street, completely and properly installed a television antenna—the top being forty and one-half feet from the ground—composed of a mast and four ten-foot strips of aluminum alloy telescoped together. The holder thereof was attached to the house approximately eighteen inches above the ground and nine and·one-half feet from the southwest corner of the dwelling. The antenna was held erect by three guy wires—one being attached to the north edge and one to the south edge of the roof and one, running west, to a shed in back of the house. The next day plaintiff and Mr. Starling returned to 609 Lake Street to check the antenna installation, a customary business procedure of plaintiff's employer. Mr. Starling and Mr. Redman decided that a better reception of the Kansas City stations could be obtained by turning the antenna in a more northeasterly direction and they, with plaintiff, then loosened the bolt in the holder and began turning the antenna. In so doing, the extension arms on the top of the antenna mast came in close proximity with the uninsulated high tension power line above described, causing the 33,000 voltage current to "jump or arc" into the antenna mast, from which it was transmitted down the pipe section of the antenna and into the bodies of plaintiff, Mr. Starling and Mr. Redman. The latter two men were both killed instantly. Plaintiff was knocked down by the electrical shock and suffered severe injuries, the details of which are unnecessary to

this opinion. Plaintiff asked for damages for injuries sustained and expenses in relation thereto.

Defendant demurred to plaintiff's amended petition on the grounds that it failed to state facts sufficient to constitute a cause of action and that it disclosed contributory negligence by the plaintiff as a matter of law.

Defendant, in its effort to overcome the decision of the lower court overruling the demurrer to the petition, contends that it breached no duty owed plaintiff; that under the circumstances plaintiff was bound to see and appreciate the danger of the high voltage line; and that he was guilty of contributory negligence as a matter of law in not doing so. The trouble with defendant's arguments lies in the fact that they are essentially matters of defense, whereas here we are dealing with allegations of the petition which for purposes of the demurrer are to be taken as true. This is fundamentally a fact case. The facts have not yet been developed. For that reason we think any discussion of the authorities and rules relied upon by the parties would be entirely improper at this time and would as a practical matter tend to adjudicate the rights of the parties in advance of trial. We have no way of knowing what the proof may establish. We, therefore, deem it unnecessary to discuss the many decisions dealing with or to write a thesis on the subject of the rights, duties and liabilities of the power companies engaged in the transmission of electricity, or regarding contributory negligence on plaintiff's part, if any, without any idea what the proof in this respect might be. Whether plaintiff can prove the allegations of his petition or defendant can establish defenses thereto are matters with which we are not at present concerned. All that is required for purposes of this appeal is to hold, and we have concluded, that under the facts, conditions and circumstances set forth in the petition the trial court did not err in holding that the petition stated a cause of action and that plaintiff was not guilty of contributory negligence as a matter of law. (*Roehrman v. D. S. & O. Rural Electric Cooperative Ass'n*, 174 Kan. 498, 505, 256 P. 2d 872; *McGuire v. Danielson*, 178 Kan. 166, 169, 283 P. 2d 254.)

It follows that the judgment of the trial court is affirmed.

It is so ordered.